IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN M. HICKOX,
       Plaintiff,
  v.
BLAIR COUNTY, et al.,
       Defendants

Case No. 3:11-cv-78-KRG-KAP

## Memorandum Order

Plaintiff has not responded to the defendants' motion for summary judgment, docket no. 59-62, nor complied with my order to file his cross motion for summary judgment on or before October 16, 2012, docket no. 54. Plaintiff did not even inform the Clerk of his change of address. See docket no. 56. Given the volume of inmate litigation, it is difficult to justify the court spending more time canvassing an unopposed motion for summary judgment than the plaintiff spent in preparing his claim for trial. Either summary judgment should be entered for defendants or this matter should simply be dismissed for failure to prosecute. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984).

Poulis requires a trial court to consider six factors, though not all have to be adverse to the plaintiff, before ordering a dismissal for lack of prosecution: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense.  As an indigent pro se party, plaintiff is entirely responsible for his failure to comply with his own deadlines; there is no evidence of wilfulness; defendants have clearly had to expend considerable resources in defending themselves from plaintiff's claim; and there are no effective sanctions, when an indigent pro se plaintiff does not move his case forward, other than dismissal either with or without prejudice.

The most important of the Poulis factors, the merit of the delinquent party's claim or defense, is in this case addressed by the defendants' motion for summary judgment, which includes the plaintiff's account of events given in his deposition.  Even a cursory review of plaintiff's deposition shows there is no evidence that plaintiff suffered any non-*de miminis* (not, by the way, *minimus*: the preposition *de* takes the ablative case) injury, and the lack of injury is evidence from which the Court of Appeals says it can be inferred that there was no improper use of force.  The use of force plaintiff alleges (being dragged up a flight of stairs by a corrections officer, having a corrections officer throw him to the floor and hold him down by lying on top of him, and having corrections officers spit on him; plaintiff expressly disclaimed being hit, punched, or kicked) would, if believed by a jury, not constitute more than *de minimis* use of force.  As for the alleged deliberate indifference to a serious medical need, plaintiff

2

testified that the corrections officers ignored his request for a nurse because he was short of breath. Assuming that this was a serious medical need and that defendants were deliberately indifferent to it, there were no further consequences from this episode, even by plaintiff's account. As far as the minor bruises and the gash on his knee that plaintiff says were caused by the corrections officers dragging him up the stairs, they do not constitute serious medical needs.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 10/30/12

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Justin M. Hickox KQ-4688
S.C.I. Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200